UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARREN McMULLEN,
                              Plaintiff,

v.                                                                        5:05-CV-1484
                                                                             (LEK/GHL)
MICHAEL J. ASTRUE, Commissioner of
Social Security,[1]
                              Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

OLINSKY, SHURTLIFF LAW FIRM              JAYA SHURTLIFF, ESQ.
*Counsel for Plaintiff*
300 S. State Street
5th Floor
Syracuse, New York 13202

HON. GLENN T. SUDDABY                      WILLIAM H. PEASE, ESQ.
United States Attorney for the                  Assistant United States Attorney
 Northern District of New York
*Counsel for Defendant*
100 South Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

       This matter was referred to the undersigned for report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted as the Defendant in this suit for Jo Anne B. Barnhart.

argument was not heard. For the reasons discussed below, I recommend that the matter be remanded to the Commissioner for further proceedings.

**I.      BACKGROUND**

  **A.      Procedural History**

Plaintiff filed applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on July 9, 2003. (Administrative Transcript ("T") at 68-70, Dkt. No. 6) The applications were denied initially. (T. at 45-50.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on May 3, 2004. (T. at 19-44.) On July 28, 2004, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 11-18.)

Plaintiff appealed to the Appeals Council, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 28, 2004. (T. at 4-6.) Plaintiff commenced this action on November 23, 2005. (Dkt. No. 1.)

  **B.      The Contentions**

Plaintiff makes the following claims:

  (1)  The Commissioner erred in failing to give controlling weight to the opinion of a treating source. (Dkt. No. 7 at 11-14.)

  (2)  The Commissioner erred in determining that Plaintiff was capable of light work. (Dkt. No. 7 at 14-17.)

  (3)  The Commissioner erred by presenting an improper hypothetical to the vocational expert. (Dkt. No. 7 at 17-19.)

  (4)  The Commissioner erred in finding that Plaintiff's subjective complaints were not

fully credible.  (Dkt. No. 7 at 19-21.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus should be affirmed.  Dkt. No. 8.

**II.     APPLICABLE LAW**

  **A.     Standard for Benefits**

To be considered disabled, a plaintiff seeking disability insurance benefits or supplemental security income benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") has promulgated regulations establishing a five-step sequential evaluation process to determine disability.  20 C.F.R. § 404.1520 (2005).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity." [20 C.F.R.] §§ 404.1520(b), 416.920(b). At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." [20 C.F.R.] §§ 404.1520(c), 416.920(c). At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. [20 C.F.R. §§] 404.1520(d), 416.920(d). If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

    B.    **Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003);

*Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**III.   THE PLAINTIFF**

Plaintiff is 46 years old.  (T. at 68.)  He is a high school graduate and previously worked as a taxi driver, truck driver, school bus driver, cleaner, and laborer.  (T. at 11, 82, 87, 100, 113-14, 124-30.)  Plaintiff alleges disability due to herniated discs, migraines, adjustment disorder with depressed mood, and personality disorder.  (Dkt. No. 7 at 2.)

**IV.   THE ALJ'S DECISION**

The ALJ found that: (1) Plaintiff had not engaged in any substantial gainful activity since the alleged onset date; (2) Plaintiff had severe impairments, namely a back and neck disorder, hypertension, headaches, alcohol dependence, and adjustment disorder with depression, but they did not meet or equal a listed impairment; (3) Plaintiff's allegations of disabling symptoms were not totally credible; (4) Plaintiff had the residual functional capacity ("RFC") "for light work that requires no prolonged standing or walking; with limited ability to push and pull with the lower extremities; involves only occasional climbing, balancing, bending, stooping, kneeling, crouching, squatting and crawling; avoids concentrated exposure to wetness and hazards; and permits moderate limitation in the ability to concentrate, persist at tasks, keep up a pace, and respond appropriately to changes in the work setting, due to pain and emotional problems"; (5) Plaintiff could not perform his past relevant work; and (6) using the testimony of a vocational expert as well as Medical-Vocational Rule 202.21 as a framework, there were a significant number of jobs in the national economy that Plaintiff could perform, thus he was not disabled. (T. at 17-18.)

## V.  DISCUSSION

### A. Whether the Commissioner Violated the Treating Physician's Rule By Failing to Accord Weight to the Opinion of a Treating Source

Plaintiff argues that the ALJ erred by failing to mention the weight to be given to the medical opinion of Plaintiff's treating physician, Dr. Yola Augustin. (Dkt. No. 7 at 11-14.) Plaintiff further argues that Dr. Augustin's opinion should have been given controlling weight. (*Id.*)  Defendant contends that the ALJ's findings are supported by substantial evidence and should be affirmed.  (Dkt. No. 8 at 13-16.)

The medical opinions of a treating physician are given "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record.  20 C.F.R. § 404.1527(d)(2) (2007).

"An ALJ who refuses to give controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir. 2004).   These factors include: (1) the length of the treatment relationship and frequency of examinations; (2) the nature and extent of treatment relationship; (3) the medical evidence in support of the opinion; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion is from a specialist; and (6) any other factors that tend to support or contradict the opinion.  20 C.F.R. § 404.1527(d)(2) (2007).

The Regulations require the Commissioner's notice of determination or decision to "give good reasons" for the weight given a treating source's opinion.  20 C.F.R. § 404.1527(d)(2) (2007).   Failure to provide "good reasons" for not crediting the opinion of a claimant's treating

physician is a ground for remand. *Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999); *Halloran,* 362 F.3d at 32-33.

Here, the ALJ's decision fails to state whether he gave any weight to the opinion of Dr. Augustin, and if he did give the opinion some weight, what that weight was. *See Caserto v. Barnhart*, 309 F. Supp. 2d 435, 444-45 (E.D.N.Y. 2004) (citing *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993) for the proposition that "the ALJ is required to articulate the weight that is given to treating doctor's conclusions"). Furthermore, although the ALJ discussed one medical report of Plaintiff's visit with Dr. Augustin, the ALJ did not discuss any of the factors set forth in 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). For example, the ALJ failed to discuss the length of Plaintiff's treatment relationship and the frequency of examinations. Additionally, the ALJ did not discuss the nature and extent of Plaintiff's treatment relationship with Dr. Augustin or whether her opinion was supported or consistent with the record as a whole.

Thus, the ALJ did not discuss all of the factors set forth in 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2) and the ALJ failed to specifically state what weight, if any, he gave to the opinion of Plaintiff's treating source. Moreover, not only did the ALJ fail to address the weight of the treating source's opinion, but there is no mention of any weight given to any medical opinion rendered. Accordingly, remand is recommended.[2] *See Kearney*, 2006 WL 1025307, at *7 (remanding the matter because the ALJ had an obligation to apply the treating physician rule, but failed to do so, and did not explain her decision not to give the treating physician's opinion

---

[2] Remand, rather than reversal, is recommended as remand is warranted if "further findings or explanation will clarify the rationale for the ALJ's decision." *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 418 (W.D.N.Y. 2006) (citing *Pratts v. Chater,* 94 F.3d 34, 39 (2d Cir. 1996)). This is the case here because further findings are necessary. Moreover, there is no persuasive proof of disability in the record requiring reversal. *See id.*

controlling weight); *Rivera v. Barnhart*, Civ. No. 03-10127, 2006 WL 786844, at *6 (S.D.N.Y. Mar. 27, 2006) (remanding the matter for the ALJ's failure to "explain his reasons for rejecting [the treating physician's] opinion and crediting instead that of the medical consultant") (citing 20 C.F.R. § 404.1527(d)(2)).

### B.   Whether the Commissioner Erred in Determining That Plaintiff Was Capable of Light Work

Plaintiff argues that the ALJ erred by finding he could perform a significant range of light work. (Dkt. No. 7 at 14-17.) Defendant contends that the Commissioner's RFC finding is supported by substantial evidence. (Dkt. No. 8 at 16-22.)

Here, the ALJ found that Plaintiff retained the residual functional capacity

> for light work that requires no prolonged standing or walking; with limited ability to push and pull with the lower extremities; involves only occasional climbing, balancing, bending, stooping, kneeling, crouching, squatting and crawling; avoids concentrated exposure to wetness and hazards; and permits moderate limitation in the ability to concentrate, persist at tasks, keep up a pace, and respond appropriately to changes in the work setting, due to pain and emotional problems.

(T. at 14.) However, the Regulations define light work as:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b) (2004).

There are clear discrepancies between the ALJ's RFC determination and the definition of

9

light work. In order to be capable of performing light work, it is necessary for an individual to walk or stand for an extended period of time. The ALJ stated that Plaintiff was not able to do any prolonged standing or walking. The ALJ further noted that Plaintiff was limited with his ability to push and pull, which is a requirement noted in the definition of light work. Finally, the ALJ did not expand upon the amount of weight Plaintiff could lift and carry nor the amount of time he could sit, findings which are necessary to determine whether a claimant meets the criteria of light work.

Furthermore, in determining the RFC under Step Four, an "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. § 404.1545 and § 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Social Security Ruling ("S.S.R.") 96-8p, 1996 WL 374184, at *1-2, *Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims* (S.S.A. 1996); *see also Mardukhayev v. Comm'r of Soc. Sec.*, No. 01-CV-1324, 2002 WL 603041, at *5 (E.D.N.Y. Mar. 29, 2002). As stated in Social Security Ruling 96-8p,

> RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.

S.S.R. 96-8p, 1996 WL 374184, at *3.  Additionally, the RFC assessment must address an "individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."[3]  *Id.* at *1.

In this case, the ALJ erred in determining that Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis.  The ALJ failed to specify the weight that Plaintiff could lift and/or carry or the amount of time that he could sit, walk, and stand.  *See Brown v. Barnhart*, No. 01-CV-2962, 2002 WL 603044, at *5-7 (E.D.N.Y. Apr. 15, 2002).[4]

Moreover, SSR 96-8p requires that an RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence.  S.S.R. 96-8p, 1996 WL 374184, at *7.  Despite this requirement, the ALJ failed to explain the evidence that supports his finding regarding plaintiff's RFC.  *See Viall v. Astrue*, 1:05-CV-527, 2008 U.S. Dist. LEXIS 8896, at *22-25 (N.D.N.Y. Feb. 5, 2008) (Kahn, J.) (remanding for failing to explain on what specific evidence the ALJ relied upon in making the RFC determination).

Because the ALJ failed to properly evaluate Plaintiff's RFC, remand is recommended.

---

[3]  A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  S.S.R. 96-8p, 1996 WL 374184, at *1.

[4]  Although the ALJ found that Plaintiff could not perform his past relevant work based on the RFC determination, the ALJ's failure to articulate the limitations on Plaintiff's ability to sit, walk, and stand would impact the Step Five evaluation.

> C. **Whether the Commissioner Met His Burden of Proof at Step Five of the Sequential Analysis in Finding That Other Work Exists in Significant Numbers in the National Economy That the Claimant Can Still Perform**

Plaintiff argues that even though the vocational expert testified that jobs existed in the national and regional economy that he could perform, such testimony was based on a faulty hypothetical. (Dkt. No. 7 at 17-19.) Defendant states that the Commissioner's finding that jobs existed in significant numbers in the national economy is supported by substantial evidence. (Dkt. No. 8 at 22-23.)

When the testimony of a vocational expert is utilized, as was here, the ALJ must present a hypothetical that incorporates all of Plaintiff's impairments. *Juleszo v. Barnhart*, 232 F. Supp. 2d 44, 57 (W.D.N.Y. 2002) (quoting *Totz v. Sullivan*, 961 F.2d 727, 730 (8th Cir. 1992) for the proposition that "the hypothetical question posed to a vocational expert must fully set forth a claimant's impairments"). If the ALJ poses hypothetical questions that do "not include all of a claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Id.* (citing *Morse v. Shalala*, 16 F.3d. 865, 874 (8th Cir. 1994)).

In this case, the ALJ's hypothetical to the vocational expert failed to adequately present all of Plaintiff's functional limitations. As noted previously, the ALJ's RFC determination lacked a description of the weight that Plaintiff could lift and carry and the amount of time that he could sit, stand, and walk. The ALJ failed to lay out these essential components of Plaintiff's RFC when posing the hypothetical to the vocational expert. (T. at 40-42.) Thus, the ALJ erred in presenting his hypothetical to the vocational expert due to the failure to provide the VE with all of Plaintiff's functional limitations.

12

Accordingly, remand is recommended on this ground.

### D. Whether the Commissioner Erred in Finding That the Plaintiff's Subjective Complaints Were Only Partially Credible

Plaintiff argues that the ALJ's credibility analysis did not conform with Social Security rules and regulations. (Dkt. No. 7 at 19-21.)

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, Civ. No. 96-9435, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)). To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. §§ 404.1529, 416.929 (2004); *see also Foster v. Callahan*, Civ. No. 96-1858, 1998 WL 106231, at *5 (N.D.N.Y. Mar. 3, 1998). First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. §§ 404.1529(a), 416.929(a) (2004). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c), 416.929(c) (2004).

When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's

13

subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2004).  An ALJ's evaluation of a plaintiff's credibility is entitled to great deference if it is supported by substantial evidence.  *Murphy v. Barnhart*, Civ. No. 00-9621, 2003 U.S. Dist. LEXIS 6988, at *29-*30 (S.D.N.Y. Jan. 21, 2003) (citing *Bischof v. Apfel*, 65 F. Supp. 2d 140, 147 (E.D.N.Y. 1999) and *Bomeisl v. Apfel*, Civ. No. 96-9718, 1998 U.S. Dist. LEXIS 11595, at *19 (S.D.N.Y. July 30, 1998) ("Furthermore, the ALJ has discretion to evaluate a claimant's credibility . . . and such findings are entitled to deference because the ALJ had the opportunity to observe the claimant's testimony and demeanor at the hearing.")).

In his decision, the ALJ stated that while Plaintiff's impairments could reasonably be expected to cause some pain and limitation, the extent was not as severe as alleged.  (T. at 15.)  Because the ALJ found that Plaintiff's allegations of his limitations were "not fully credible" (T. at 15), it was incumbent on the ALJ to then assess the factors set forth in 20 C.F.R. §§ 404.1529(c) and 416.929(c), which he did.  The ALJ reviewed and discussed the medications Plaintiff took, the treatment he received, his symptoms, his daily routine, and measures taken to relieve the symptoms.  (T. at 14-15, 29-30, 34-35.)  Thus, the ALJ's findings are entitled to deference and the Court declines to recommend remand on this ground.

**WHEREFORE,** it is hereby

14

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[5] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 29, 2008
       Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[5] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2005).